UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MICHELLE CAMERON, | CASE NO. 09-CV-2498-IEG (WMc) |
|---|---|
| Plaintiff, | **ORDER:** |
| vs. | **(1) GRANTING IN PART PLAINTIFF'S CORRECTED MOTION TO AMEND COMPLAINT (Doc. No. 19); and** |
| DAVID BUETHER, MICHELLE CRAIG, COUNTY OF SAN DIEGO, and DOES 1-10, inclusive, | **(2) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Doc. No. 10).** |
| Defendants. | |

Presently before the Court are Plaintiff Michelle Cameron's ("Plaintiff") motion to amend and Defendant County of San Diego's motion to dismiss Plaintiff's complaint.

The Court finds the motions suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons stated herein, the Court grants in part Plaintiff's motion to amend and denies Defendant's motion to dismiss as moot.

**FACTUAL BACKGROUND**

This action involves the alleged violation of Plaintiff's civil rights and other injuries. The following facts are drawn from Plaintiff's Complaint. Plaintiff and Defendant David Buether ("Buether") were in a relationship, lived together for about four years, and had two children together. When Plaintiff and Buether moved in together, they opened a joint checking account.

Plaintiff did not have any other accounts under her name and believed all their finances were commingled. Plaintiff received a check card and used it to make purchases for herself, their children, and their household. Buether possessed a credit card which Plaintiff believed was for joint use, and on numerous occasions she used it for her own use and household use. Buether owned their home, but upon his request, Plaintiff became a co-debtor with him on an equity line of credit for $150,000 on the home.

On October 8, 2008, Buether got a restraining order against Plaintiff, and Plaintiff and her two children vacated the home. Upon asking Buether what she was supposed to do without any belongings, he told her to "do what you need to do." Plaintiff then used the credit card to purchase the items necessary to make a home. Buether filed a criminal complaint against Plaintiff alleging she fraudulently used his credit cards. Buether fielded the complaint with Defendant Michelle Craig ("Craig"), a detective with the San Diego County Sheriff's Department.

On or about December 18, 2008 at 7:00 a.m., a team of deputies entered Plaintiff's residence "with guns drawn in a SWAT-like raid." The deputies confiscated furniture and arrested Plaintiff. Plaintiff spent five days in jail. The charges against her for grand theft, identity theft, and credit card fraud were later dismissed.

Buether is an employee of the San Diego County Sheriff's Department. Plaintiff alleges Buether and Craig attended law enforcement academy training together and have a social relationship. According to Plaintiff, Buether negligently or deliberately did not tell Craig about the nature of their commingled finances and that Buether had told Plaintiff to "do what you need to do." Alternatively, Plaintiff alleges Buether did convey all this information to Craig. Plaintiff contends Craig was on notice of the joint checking account, as set forth in the affidavit for a search warrant (Compl., Ex. 1), but either negligently or intentionally failed to make further inquiry into their joint financial status and include that information in the affidavit for a search warrant. If Craig had done this, Plaintiff contends the warrant would not have been issued.

## PROCEDURAL HISTORY

On November 6, 2009, Plaintiff filed the Complaint against Defendants Buether, Craig, and the County of San Diego ("the County"). (Doc. No.1.) The Complaint lists two causes of

1  action: (1) deprivation of Plaintiff's civil rights in violation of 42 U.S.C. § 1983; and, (2) unlawful
2  policies, customs, or habits in violation of § 1983.  The Complaint also states in the first
3  paragraph: "State claims of negligence, harassment, false arrest and Civil Code section 52.1 civil
4  rights violations are alleged as well."  (Compl. ¶ 1.)  The Complaint contains no allegations
5  specific to the state law causes of action.

6  On January 14, 2010, Craig filed an answer to the Complaint.  (Doc. No. 15.)  On January
7  27, 2010, the Court granted Plaintiff and Buether's second joint motion to extend time for Buether
8  to respond to the Complaint.  (Doc. No. 23.)

9  On December 23, 2009, the County filed the instant motion to dismiss pursuant to Rule
10 12(b)(6) of the Federal Rules of Civil Procedure with regard to Plaintiff's second cause of action
11 for unlawful policies, customs, or habits in violation of § 1983.  (Doc. No. 10.)  On January 21,
12 2010, Plaintiff filed a statement of non-opposition to the motion to dismiss, stating she would omit
13 the second cause of action in an amended complaint.  The next day Plaintiff filed the instant
14 corrected motion to amend the Complaint and a proposed First Amended Complaint ("FAC").
15 (Doc. No. 19.)  The Court *sua sponte* rescheduled the hearing dates for both motions in order to
16 consider them together.

17 Defendants Buether and Cameron ("Defendants") filed an opposition to the motion to
18 amend, arguing that amendment would be futile because Plaintiff's causes of action are barred as a
19 matter of law. Plaintiff filed a reply, and pursuant to the Court's Order, Defendants filed a
20 surreply.

21                                     **DISCUSSION**

22 I.    Legal Standard

23 Fed. R. Civ. P. 15(a) allows a party to amend its pleading with leave of court after the
24 period for amendment as a matter of course has expired. See FED. R. CIV. P. 15(a)(2). Pursuant to
25 Rule 15(a), "[t]he court should freely give leave when justice so requires." Id.  The Ninth Circuit
26 has construed this broadly, requiring that leave to amend be granted with "extreme liberality."
27 Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation omitted);
28 Poling v. Morgan, 829 F.2d 882, 886 (9th Cir. 1987) (noting "the strong policy permitting

amendment" (citation omitted)). This broad discretion "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citing Conley v. Gibson, 355 U.S. 41, 47-48 (1957)).

The Supreme Court has articulated five factors that the court should consider in deciding whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the party has previously amended its pleadings. Forman v. Davis, 371 U.S. 178, 182 (1962); see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003). Not all factors merit equal weight, however. Eminence Capital, 316 F.3d at 1052. "Prejudice is the 'touchstone of the inquiry under rule 15(a)'" and "carries the greatest weight." Id. (citations omitted). Nevertheless, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

II.   Analysis

Plaintiff attaches to her motion a proposed FAC, and attaches to her reply a proposed Second Amended Complaint ("SAC").[1]  According to the proposed SAC, Plaintiff seeks to amend her Complaint to delete the second cause of action for unlawful policies, customs, or habits in violation of § 1983, and add allegations relating to the state law causes of action for negligence, harassment, false arrest, and violation of California Civil Code § 52.1.  (Pl.'s Reply to Def.'s Opp'n to Mot. to Amend (hereinafter "Reply"), Ex. 1.)  Defendants argue that amendment would be futile because each of Plaintiff's causes of action are barred as a matter of law.  The Court addresses each cause of action in turn.

    A.   Violation of § 1983

Defendants argue, and Plaintiff concedes in her reply, that the County cannot be liable to Plaintiff under a theory of respondeat superior and that Plaintiff erred in including the County in

---

[1] The SAC is identical to the FAC, with the exception of paragraph 44, which alleges Plaintiff's compliance with the California Tort Claims Act.

the § 1983 cause of action. Accordingly, Defendants have demonstrated amendment would be futile as to this cause of action.

### B. Statute of Limitations Under California Tort Claims Act

Defendants argue that amendment would be futile because the state law causes of action are barred by the statute of limitations set forth in the California Tort Claims Act. Pursuant to the statute, a tort claim against a public entity or public employee must be timely filed with the public entity before the action is brought. Cal. Gov't Code §§ 945.4, 950.2. Section 945.6 further provides that any suit brought against a public entity "must be commenced" within six months after the claim is rejected. Id. § 945.6; see also Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988) (pendant state law tort claims in federal cases against individual and public entity defendants are barred unless plaintiffs comply with the Tort Claims Act).

According to the SAC, Plaintiff seeks to amend her Complaint to allege that her claim was rejected in July of 2009 and that she complied with the statute. (Pl.'s Reply, Ex. 1, ¶ 44.) Defendants argue that amendment is futile, because Plaintiff will not be able to commence the action within six months after her claim was rejected. Defendants argue that her Complaint only alleges two causes of action for violation of § 1983, and that the addition of the state law claims outside the statutory period would be untimely.

Plaintiff correctly points out, however, that her Complaint, which was timely filed on November 6, 2009, names the County and asserts the state law claims, albeit in a cursory manner. Plaintiff alleges in the first paragraph: "State claims of negligence, harassment, false arrest and California Civil Code § 52.1 civil rights violations are alleged as well. Plaintiff invokes the Court's supplemental jurisdiction found in 28 U.S.C. Section 1367 to consider these state law claims." (Compl. ¶ 1.) Under the circumstances, Plaintiff's amended complaint would "relate back" to the filing date of the original Complaint. See Olden v. Hatchell, 201 Cal. Rptr. 715 (Ct. App. 1984) (plaintiff filed a timely action against a public entity and Doe defendants, and plaintiff's amendment to substitute named employees after the statutory period related back to the date of filing of the original complaint).

Defendants rely on Chase v. California, 136 Cal. Rptr. 833 (Ct. App. 1977), but that case is

distinguishable. In <u>Chase</u>, the court held that the plaintiff failed to commence an action within six months where the original complaint did not name the state as a defendant, and 20 months later plaintiff sought to amend the complaint to substitute the state for a Doe defendant. Here, Plaintiff's Complaint names the County and asserts state law causes of action against it. Unlike <u>Chase</u>, Plaintiff does not seek to amend her Complaint outside the statutory period to substitute the County for a Doe defendant.

Accordingly, Defendants have failed to demonstrate that Plaintiff's proposed amendment would be futile on this ground.

### C. Negligence

Plaintiff's proposed SAC alleges Defendants were negligent. Defendants argue that amendment would be futile because the County, as a public entity, cannot be held liable for negligence absent an express statutory basis.[2] Defendants point to California Government Code § 815(a), which provides: "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov't Code § 815(a). However, Plaintiff correctly notes that California Government Code § 815.2(a) provides a statutory basis for liability: "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." <u>Id.</u> § 815.2(a); <u>see</u> also <u>Eastburn v. Regional Fire Protection Auth'y</u>, 7 Cal. Rptr. 3d 552 (2003) (Section 815.2(a) "makes a public entity vicariously liable for its employee's negligent acts or omissions within the scope of employment").

Defendants have failed to demonstrate that Plaintiff's proposed amendment as to this cause of action would be futile.

### D. False Arrest

Plaintiff's proposed SAC alleges Defendants caused her to be falsely arrested. Defendants

---

[2] Defendants raise the additional argument for the first time in their surreply that they are statutorily immune from liability under various provisions of the California Government Code. Because Plaintiff has not had an opportunity to respond to this argument, the Court does not consider it.

argue that because there are no charging allegations against the County, leave to amend this cause of action should be denied. However, Defendants fail to demonstrate that this necessarily means amendment would be futile.

### E. Violation of California Civil Code § 52.1

Plaintiff's proposed SAC alleges violation of California Civil Code § 52.1, which permits an individual to bring a civil action for interference with his or her rights by "threats, intimidation, or coercion." Cal. Civ. Code § 52.1(a)-(b). "[S]ection 52.1 does not extend to all ordinary tort actions . . . its provisions are limited to threats, intimidation or coercion that interferes with a constitutional or statutory right." Venegas v. County of L.A., 11 Cal. Rptr. 3d 692, 707 (2004). The word "interferes" as used in the statute means "violates." Austin B. v. Escondido Union School Dist., 57 Cal. Rptr. 3d 454, 472 (Ct. App. 2007).

Defendants argue that amendment as to Plaintiff's Section 52.1 claim would be futile for several reasons. First, Defendants rely on Venegas v. County of Los Angeles, 63 Cal. Rptr. 3d 741, 750 (Ct. App. 2007), for the proposition that the County cannot be liable because this section applies only to private actors and government agents, not to government entities. The language of the case does not support this argument. The state court in Venegas did not say that Section 52.1 does not apply to government entities; rather, it explained: "There is no 'state action' requirement in section 52.1; the statute applies to private actors as well as government agents." Id. In fact, in Venegas, the court found that plaintiff had a valid Section 52.1 cause of action against the County of Los Angeles. Id. at 746.

Second, Defendants argue that Section 52.1 fails as to Craig because Plaintiff does not allege violence, threats of violence, or coercion. The Court is not persuaded that Plaintiff is required to allege violence or threats of violence. Defendants rely on the district court's statement in Rabkin v. Dean that "the statute is meant to protect against violence or the threat of violence." 856 F. Supp. 543, 552 (N.D. Cal. 1994). Rabkin, however, involved a Section 52.1 claim based on speech alone. The plaintiff in Rabkin based her claim on the city council members' votes denying her a salary increase. Id. at 546. In stating that "the statute is meant to protect against violence or the threat of violence," the court cited to subsection 52.1(j), which provides that "speech alone" is

- 7 - 09cv2498

insufficient to support claim unless it threatens violence. Cal. Civ. Code § 52.1(j). Thus, it does not follow that an allegation of violence or threats of violence extends to situations, such as here, where speech alone is not the sole basis of the claim. In this case, Plaintiff alleges that "a team of deputies entered into Plaintiff's residence with guns drawn in a SWAT-like raid." (Compl. ¶ 21.) Defendants have not demonstrated that Plaintiff will be unable to allege sufficiently threatening, intimidating, or coercive conduct.

Finally, the Court rejects Defendants's argument that amendment would be futile because the very act of obtaining and executing the warrant cannot suffice in and of itself as the constitutional violation upon which the Section 52.1 claim is based. According to the proposed SAC, Plaintiff seeks to amend her Complaint to allege Defendants' conduct constituted an unreasonable seizure in violation of the Fourth Amendment and the California Constitution.[3] (Pl.'s Reply, Ex. 1 ¶ 37.) Plaintiff points to <u>Venegas v. County of Los Angeles</u>, 11 Cal. Rptr. 3d 692 (2004), where the California Supreme Court held that plaintiffs adequately pleaded a cause of action under Section 52.1 against the County of Los Angeles, the sheriff's department and its sheriff "for unreasonable search and seizure." <u>Id.</u> at 706-708. Defendants do not explain why this case is different.

Accordingly, Defendants have failed to demonstrate that Plaintiff's proposed amendment as to this cause of action would be futile.

F.      <u>Harassment</u>

The Court agrees with Defendants that amendment would be futile as to Plaintiff's cause of

---

[3] Defendants rely on <u>Justin v. City & County of San Francisco</u>, 2008 WL 1990819 (N.D. Cal. May 5, 2008). The district court in <u>Justin</u> stated: "Section 52.1 is only applicable when a defendant intends by his or her conduct to interfere with a separate, affirmative right enjoyed by a plaintiff; it does not apply to a plaintiff's allegation of use of excessive force absent a showing that the act was done to interfere with a separate state or federal constitutional right." <u>Id.</u> at *9. Defendants have not convinced the Court that the reasoning in <u>Justin</u> applies under the circumstances of this case. The district court in <u>Justin</u> supported the above statement solely with a citation to a California Supreme Court case, <u>Jones v. Kmart Corp</u>, 70 Cal. Rptr. 2d 844 (1998), which primarily addressed a different issue. The issue in <u>Jones</u> was whether the plaintiff could base his Section 52.1 claim on unlawful search and seizure by defendants, who were private actors. <u>Id.</u> at 847. The <u>Jones</u> court held that, in the context of an alleged interference with Fourth Amendment rights, "[w]hen [plaintiffs] assert that defendants interfered with those rights by directly violating them, they are mistaken: Only the government or its agents can do so." <u>Id.</u> Here, unlike <u>Jones</u>, Plaintiff alleges that Defendants acted under color of state law.

1 action for harassment. Plaintiff argues that California Civil Code § 1708 provides a cause of
2 action: "Every person is bound without contract, to abstain from injuring the person or property of
3 another, or infringing upon any of his rights." Cal. Civ. Code. § 1708. As Defendants point out,
4 however, "Civil Code section 1708 . . . states only a general principle of law"; it does not authorize
5 a cause of action.[4] <u>Ley v. State</u>, 8 Cal. Rptr. 3d 642, 648 (Ct. App. 2004) (quoting <u>Katzberg v.</u>
6 <u>Regents of Univ. of Cal.</u>, 127 Cal. Rptr. 2d 482 (2002)). Plaintiff does not cite a single case where
7 a plaintiff has brought a cause of action for harassment pursuant to this section.

### **CONCLUSION**

Defendants have failed to demonstrate that amendment would be futile, and Defendants do not contend that any other factors such as bad faith, undue delay, prejudice, or previous amendment of pleadings weigh in favor of denying Plaintiff's motion to amend.

Accordingly, the Court HEREBY GRANTS IN PART Plaintiff's motion to amend her Complaint. The Court orders Plaintiff to file a Third Amended Complaint **within 20 days of the filing of this Order.** The amended complaint should (1) make only the revisions suggested in the Plaintiff's motion, (2) should be a complete document without reference to any prior pleading, and (3) should not add any new causes of action. Consistent with this Order, the amended complaint will delete the cause of action for harassment pursuant to California Civil Code § 1708 and will delete the § 1983 cause of action against the County.

The Court DENIES AS MOOT Defendant's motion to dismiss.

**IT IS SO ORDERED.**

**DATED: March 23, 2010**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[4]While causes of action for harassment are statutorily authorized in other circumstances, Plaintiff does not argue these circumstances apply here. <u>See,</u> e.g., Cal. Civ. P. Code § 527.6(a) (permitting request for a temporary restraining order and an injunction prohibiting harassment); Cal. Gov't Code § 12940 (prohibiting harassment in the employment context on the basis of protected classifications).