UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE CAMERON,<br><br>                Plaintiff,<br><br>vs.<br><br>DAVID BUETHER, MICHELLE CRAIG, COUNTY OF SAN DIEGO, and DOES 1-10, inclusive,<br><br>                Defendants. | **CASE NO. 09-CV-2498-IEG (WMC)**<br><br>**ORDER GRANTING DEFENDANTS MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT AS TO THE SECOND CAUSE OF ACTION FOR NEGLIGENCE**<br><br>[Doc. No. 39] |

      Presently before the Court is Defendants County of San Diego and Michelle Craig's motion to dismiss Plaintiff Michelle Cameron's ("Plaintiff") Third Amended Complaint. (Doc. No. 39.)

      Plaintiff has filed an opposition, and Defendants have not filed a reply. This motion is suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons stated herein, the Court GRANTS Defendants' motion to dismiss as to Plaintiff's second cause of action for negligence.

1

# FACTUAL BACKGROUND

This action involves the alleged violation of Plaintiff's civil rights and other injuries. The following facts are drawn from Plaintiff's Third Amended Complaint.

Plaintiff and Defendant David Buether ("Buether") were previously in a relationship, lived together for about four years, and had two children together. When Plaintiff and Buether moved in together, they opened a joint checking account. Plaintiff did not have any other accounts under her name and believed all their finances were commingled. Plaintiff received a check card for the joint account and used it to make purchases for herself, their children, and their household. In addition, Buether possessed a credit card which Plaintiff believed was for joint use, and on numerous occasions Buether gave the credit card number to her for her own use and household use. Buether owned their home, but upon his request, Plaintiff became a co-debtor with him on an equity line of credit for $150,000 on the home. Their practice was to make credit card payments using money from the equity line of credit.

On October 8, 2008, Buether obtained a restraining order against Plaintiff, and she and their two children moved out. Upon asking Buether what she was supposed to do without any belongings, he told her to "do what you need to do." Plaintiff then used the credit card to purchase the items "necessary to make a home." Subsequently, Buether filed a criminal complaint against Plaintiff alleging she fraudulently used his credit card. Buether fielded the complaint with Defendant Michelle Craig ("Craig"), a detective with the San Diego County Sheriff's Department. According to Plaintiff, Buether and Craig attended law enforcement academy training together and have a social relationship. Craig's affidavit was used in obtaining a search warrant for Plaintiff's home.

On or about December 18, 2008, at 7:00 a.m., a team of deputies entered Plaintiff's residence "with guns drawn in a SWAT-like raid." The deputies confiscated furniture and arrested Plaintiff.

Plaintiff spent five days in jail. The charges against her for grand theft, identity theft, and credit card fraud were later dismissed.

Plaintiff alleges Craig either negligently or intentionally failed to make further inquiry into her and Buether's joint financial status and failed to include all the relevant information in the affidavit for a search warrant. If Craig had done this, Plaintiff contends the warrant would not have been issued. According to Plaintiff, Craig's affidavit for the search warrant shows that Craig was aware of the joint checking account. (FAC, Ex. 1.)

Specifically, Plaintiff alleges Craig engaged in the following negligent or intentional conduct:

A) Failed to verify any of the above matters asserted by Defendant Buether with Plaintiff;
B) Failed to inquire or investigate into Buether's retaking of his cell phone;
C) Failed to investigate or inquire of Buether's stalking of Plaintiff;
D) Failed to inquire of Plaintiff of her prior use of Buether's credit card;
E) Failed to inquire or investigate into Plaintiff's co-ownership of the HELOC;
G) [sic] Failed to inquire or investigate into Plaintiff's and Buether's pattern of conduct of paying off credit card debt with funds borrowed from the HELOC loan;
H) Failed to communicate Defendant Buether's allegations with Plaintiff to verify same;
I) Requested the arrest and prosecution of Plaintiff;
J) Negligently or intentionally allowed herself to be used as a conduit for Defendant's Buether's attempts to intimidate, coerce, search and arrest Plaintiff;
K) Arresting and causing the incarceration of Plaintiff.

(TAC ¶ 25.)

## PROCEDURAL HISTORY

On November 6, 2009, Plaintiff filed a complaint against Defendants Buether, Craig, and the County of San Diego ("the County"). (Doc. No.1.) The original complaint alleged two causes of action for violation of 42 U.S.C. § 1983: (1) deprivation of Plaintiff's civil rights and, (2) unlawful policies, customs, or habits.

On December 23, 2009, the County moved to dismiss Plaintiff's complaint. (Doc. No. 10.) In response, Plaintiff filed a motion to amend the complaint and proposed First Amended Complaint, seeking to delete the claim for unlawful policies, customs, or habits, and to add state law causes of

action. (Doc. No. 19.) Plaintiff attached a proposed Second Amended Complaint to her reply in support of the motion to amend. On March 23, 2010, the Court issued an order permitting Plaintiff to file a Third Amended Complaint ("TAC").

Plaintiff timely filed the TAC, which contains a Section 1983 claim against Craig, and state law causes of action for negligence, false arrest, and violation of California Civil Code § 52.1 against all defendants. Defendant Buether filed an answer. (Doc. No. 41.) Defendants Craig and the County filed the instant motion to dismiss the TAC.[1] (Doc. No. 39.)

**DISCUSSION**

**I.    Legal Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2009). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

---

[1] Pursuant to the Court's Order, Plaintiff deleted the proposed cause of action for violation of California Civil Code § 1708, and the proposed cause of action for violation of § 1983 against the County.

4

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A court need not accept "legal conclusions" as true. Iqbal, 129 S.Ct. at 1949. In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

## II. Analysis of Defendants' Motion to Dismiss

Defendants County and Craig ("Defendants") move to dismiss Plaintiff's second cause of action for negligence, claiming immunity under the California Tort Claims Act, California Government Code §§ 821.6 and 820.2. As discussed below, Defendants are immune from liability, and therefore Plaintiff fails to state a cause of action for negligence.

### A. Prosecutorial Immunity

Defendants claim Craig is immune under the prosecutorial immunity provided in Section 821.6, and therefore the County also cannot be held liable. Under California law, a public entity such as the County "is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee." Cal. Gov't Code § 815.2(a); Hoff v. Vacaville Unified School Dist., 80 Cal. Rptr. 2d 811 (Cal. 1998) ("Through this section, the California Tort Claims Act expressly makes the doctrine of respondeat superior applicable to public

employers."). However, "[e]xcept as otherwise provided by statute, a public entity is not liable . . . where the employee is immune from liability." Cal. Gov't Code § 815.2(b).[2]

Section 821.6 provides prosecutorial immunity for public employees for "injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Id. § 821.6. "California courts construe section 821.6 broadly in furtherance of its purpose to protect public employees in the performance of their prosecutorial duties from the threat of harassment through civil suits."[3] Gillan v. City of San Marino, 55 Cal. Rptr. 3d 158, 170 (Ct. App. 2007). This section applies to police officers, because they are public employees within the meaning of the California Government Code. Johnson v. City of Pacifica, 84 Cal. Rptr. 246 (Ct. App. 1970).

Here, Craig is immune from liability pursuant to Section 821.6 if: (1) Craig was an employee of the County; (2) Plaintiff's injuries were caused by acts committed by Craig to institute or prosecute a judicial or administrative proceeding; and (3) Craig's conduct while instituting or prosecuting the proceeding was within the scope of her employment. See Amylou R. v. County of Riverside, 34 Cal. Rptr. 2d 319, 321 (Ct. App. 1994). If these requirements are met, immunity attaches even if Craig acted "maliciously and without probable cause." See Cal. Gov't Code § 821.6.

The first and third requirements are easily met. Plaintiff alleges Craig was an employee of the County and acting within the scope of her employment when engaged in the allegedly negligent conduct. (TAC ¶ 5.) The second requirement - that Plaintiff's injuries were caused by conduct in the course of instituting or prosecuting any judicial or administrative proceeding – is also met. As

---

[2] Public employees are liable for injuries caused by their acts or omissions to the same extent as private persons, except when provided statutory immunity. Cal. Gov't Code § 820.

[3] Although Section 821.6 immunity is often applied in cases of malicious prosecution, it also extends to other causes of action arising from conduct protected under the statute. Kayfetz v. State of California, 203 Cal. Rptr. 33, 36 (Ct. App.1987); accord Citizens Capital Corp. v. Spohn, 184 Cal. Rptr. 269 (Ct. App. 1982).

Defendants argue, California courts have held that Section 821.6 extends to conduct during a criminal investigation, in preparation for filing formal proceedings. See Amylou R., 34 Cal. Rptr. 2d at 321-24 (statements by police officers to the plaintiff in the course of an investigation were "incidental to the investigation" and therefore plaintiff's claims of intentional and negligent infliction of emotional distress were barred).  Defendants cite Johnson v. City of Pacifica, 84 Cal. Rptr. 246 (Ct. App. 1970), involving the negligent investigation of a crime by police officers, in which the court found plaintiff's negligence claim was barred by Section 821.6.  In Johnson, the plaintiff alleged that as a result of the police officers' negligent conduct, plaintiff was arrested and temporarily incarcerated on charges of which he was innocent.  Id. at 247.  Plaintiff alleged the officers negligently failed to fully investigate the suspected offenses in accordance with established police procedures.  Id.  The court held immunity extended to the officers' conduct, and therefore the city was also immune.

Similarly, in this case, Plaintiff alleges Craig fielded Buether's criminal complaint and was negligent in, (1) failing to fully inquire or investigate into the circumstances underlying the suspected offense, (2) failing to verify Buether's allegations with Plaintiff, and (3) failing to include certain information in the affidavit for a search warrant.  (TAC ¶ 25.)  As a result, Plaintiff was arrested and temporarily incarcerated.  (TAC ¶ 25.)  These acts of investigating a crime and obtaining a search warrant constitute conduct in the course of "instituting or prosecuting any judicial or administrative proceeding."  See Cal. Gov't Code § 821.6.  Thus, all three requirements for prosecutorial immunity are met.

Plaintiff does not attempt to distinguish Johnson v. City of Pacifica or the other cases cited by Defendants.[4]  Instead, Plaintiff attempts to recast her negligence claim as based upon "false

---

[4] Plaintiff primarily focuses on cases involving the distinction between claims of malicious prosecution and false imprisonment. See McKay v. County of San Diego, 168 Cal. Rptr. 442 (Ct. App. 1980); Jackson v. City of San Diego, 121 Cal.App.3d 579, 585, 175 Cal. Rptr. 395, 398 - 399 (Ct. App. 1981).  These cases are inapposite.  What is at issue here is Plaintiff's claim of *negligence*, not malicious prosecution or false imprisonment.

7

imprisonment, grounded upon an abuse of process allegation." (Opp'n to Mot. to Dismiss at 3:3-5). Plaintiff's reason for doing so is apparent - prosecutorial immunity does not apply to claims of false imprisonment.[5] Cal. Gov't Code § 820.4. However, based on a fair reading of the TAC, Plaintiff's characterization of her negligence claim as based on false imprisonment is unreasonable. Nor are Plaintiff's allegations sufficient to put Defendants on notice that the negligence claim is based upon "false imprisonment, grounded upon an abuse of process allegation."

Plaintiff's second cause of action for negligence states in full:

> 32. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 31 above as though fully set forth herein.
> 33. At all times herein, Defendants Craig and Buether were employed by the Defendant County of San Diego and were acting in the course and scope of said employment when engaged in the conduct as alleged in this complaint. Defendant County of San Diego is liable to plaintiff due to actions of its employees, Defendant Buether and Craig, performed in the course and scope of their employment,
> 34. By the acts alleged above, Defendants and each of them were negligent and breached their duty of due care owed to plaintiff, thereby causing the injuries and emotional distress described in the First Cause of Action, and the damage described in paragraphs 27, 28, 29, and 30 above.[6]

(TAC 32-34.)

Notably, false imprisonment is not mentioned in these allegations. A reasonable reading of these allegations with the rest of the TAC is that the *conduct* that is the subject of the negligence claim is Craig's alleged failure to investigate and her omission of information from the affidavit for the search warrant, not false imprisonment. Rather, Plaintiff's "unlawful detention and false arrest" is the

---

Plaintiff also mistakenly relies on federal cases which do not address the issue of Section 821.6 immunity. See Lombardi v. City of El Cajon, 117 F.3d 1117, 1118 (9th Cir. 1997) (claim of qualified immunity in a civil rights action under 42 U.S.C. § 1983); U.S. v. Stanert, 762 F.2d 775, 777 (9th Cir. 1985) (Fourth Amendment challenge to the sufficiency and accuracy of the affidavit used to obtain a search warrant).

[5] Section 820.4 states: "A public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law. Nothing in this section exonerates a public employee from liability for false arrest or false imprisonment." Cal. Gov't Code § 820.4.

[6] In paragraphs 27 through 30 of the TAC, under the First Cause of Action, Plaintiff alleges Craig's acts of filing a false or misleading affidavit resulted in: her unlawful detention and false arrest; severe anxiety, fear, humiliation and emotional distress; and false or malicious prosecution. (TAC ¶¶ 27-30.)

*damage* allegedly caused by Craig's negligent conduct. (TAC ¶ 30.)  Also, although Plaintiff's negligence claim is purportedly "grounded upon an abuse of process allegation," nowhere in the TAC is "abuse of process" expressly mentioned.[7]  Finally, the fact that Plaintiff's TAC alleges a separate cause of action for "false arrest," suggests that her negligence claim is not based on false imprisonment.  (TAC ¶¶ 35-38.) See Moore v. City & County of San Francisco, 85 Cal. Rptr. 281, 284 (Ct. App. 1970) ("False arrest is merely one way of committing a false imprisonment. . . . False arrest and false imprisonment are not separate torts.").

Therefore, Craig is immune from liability for Plaintiff's negligence cause of action pursuant to Section 821.6, and accordingly, the County also is not liable.

### B.     Discretionary Immunity

Because Defendants are immune from liability pursuant to Section 821.6, the Court need not address Defendants' argument that Craig is immune pursuant to Section 820.2, which immunizes public employees for injuries which are the "result of the exercise of the discretion vested in him, whether or not such discretion be abused."[8] See Cal. Gov't Code § 820.2.   Plaintiff does not respond to this argument.

In addition, it is not obvious that Craig's conduct constituted an "exercise of the discretion vested in [her]," and Defendants provide no analysis or support for their contention that Section 820.2 applies.  See Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998) ("To determine which acts are discretionary, California courts do not look at the literal meaning of 'discretionary,' because '[a]lmost all acts involve some choice between alternatives.' Rather, immunity protects 'basic policy decisions,' but does not protect 'operational' or 'ministerial' decisions that merely implement a basic policy decision.") (citations omitted).

---

[7] An abuse of process allegation, which requires a showing of malice, would appear inconsistent with a claim of negligence.  See Slaughter v. Legal Process & Courier Serv., 209 Cal. Rptr. 189 (Ct. App. 1984) (the tort of abuse of process requires a "showing of malice, whether express or implied.").

[8] Section 820.2 provides in full, "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motion to dismiss. Plaintiff's second cause of action for negligence against the County and Craig stated in the Third Amended Complaint is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

**DATED: June 29, 2010.**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**