UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE CAMERON,<br><br>               Plaintiff,<br>v.<br><br>DAVID M. BUETHER, MICHELLE CRAIG,<br>and THE COUNTY OF SAN DIEGO, and DOES 1 to 10, inclusive,<br><br>               Defendants. | Case No.: 09CV2498 AJB (WMC)<br><br>ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT PURSUANT TO RULE 54(b) AND DENYING AS MOOT MOTION FOR JUDGEMENT ON THE PLEADINGS<br><br>[Doc. Nos. 82 and 83] |

    The Plaintiff filed a motion for entry of judgment pursuant to Rule 54(b), [Doc. No. 82], and the sole remaining Defendant, David Buether, filed a motion pursuant to Federal Rule of Civil Procedure, Rule 12(c) for partial judgment on the pleadings regarding Plaintiff's causes of action under section 1983, for False Arrest and for violations of California Civil Code § 52.1. The hearing on May 13, 2011 at 1:30 in courtroom 12 before Judge Battaglia is hereby vacated as these motions are appropriate for submission on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). Based upon the parties moving papers and for the reasons set forth herein, the Court hereby GRANTS the Plaintiff's motion for entry of Judgment pursuant to Rule 54(b), [Doc. No. 82], and DENIES AS MOOT the Defendants motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, [Doc. No. 83].

///

### *Relevant Background*

This is an action for damages based on causes of action for violations of 42 U.S.C. 1983, negligence, false arrest, and California Civil Code § 52.1. Plaintiff Michelle Cameron and Defendant David Buether ("Buether") were previously in a romantic relationship, lived together for nearly four years, and had two children together. Defendant Buether was and is employed as a Deputy Sheriff with the San Diego County Sheriff's Department. After four years, the relationship soured and Mr. Buether ultimately obtained a temporary restraining order and had Plaintiff removed from his home, claiming she was becoming physically abusive and violent.

At the time of the incident, Mr. Buether was the sole owner of real property in San Marcos. Mr. Buether and Plaintiff had a home equity line of credit ("HELOC") in the sum of $150,000 and the Plaintiff was a co-guarantor for payment on that line. The line was used periodically to buy furnishings, make improvements to the home, and pay credit card debt. During the time that Plaintiff and Mr. Buether were living together and before Plaintiff was removed from the home, Mr. Buether authorized purchases made by the Plaintiff from Overstock.com.

Several weeks before she was removed from the home, Plaintiff took $30,000.00 from the HELOC. Notwithstanding this fact, Plaintiff contends that when she was removed from the home she and in order to provide for herself and her children, Cameron contends she used Buether's separate credit card to purchase various household items. Plaintiff states that she believed she was authorized to use this card, and had used the card to make purchases in the past without objection from Buether. Buether contends that Cameron never had authorization to use the card and that Cameron went beyond the necessities of life with her $8,969.38 in purchases from Overstock.com, which included non-essential items such as a computer, jewelry, television and artwork.

Mr. Buether filed a criminal complaint with the Sheriff's department against Cameron for fraudulent use of the credit card. Detective Michelle Craig was assigned and based on her investigation and information obtained from Mr. Buether, Det. Craig submitted an affidavit requesting a search warrant. The warrant was executed and Plaintiff was arrested when the Overstock.com items were found at Plaintiff's new residence. Plaintiff spent five days in jail until she posted bond. The Court having found probable cause bound the Plaintiff over for trial.  The District Attorney assigned to try the case

ultimately decided not to press charges as she felt, given the circumstances, the matter would be better resolved in family court.

The Plaintiff claims that she was falsely arrested for making fraudulent credit card purchases using Defendant Buether's personal credit card. The gravamen of plaintiff's allegations is that efendants, Det. Michelle Craig and Mr. Buether, conspired to have her arrested by providing false and misleading information to obtain a search warrant.

### *Plaintiff's Causes of Action*

The Plaintiff alleged a Section 1983 claim against Buether and Craig and state law causes of action for negligence, false arrest, and violation of California Civil Code § 52.1 against all Defendants in her Third Amended Complaint ("TAC"), [Doc. No. 36]. Defendants Craig and the County of San Diego (the "County Defendants") filed a motion to dismiss Plaintiff's negligence claim, [Doc. No. 39], which the Court granted with prejudice. [Doc. No. 48.] The County Defendants moved for summary judgment on Plaintiff's remaining causes of action against Defendants Craig and the County, [Doc. No. 60], which was granted on March 4, 2011, [Doc. No. 74]. The Court found as a matter of law that Det. Craig and the County were immune from suit because: (1) Plaintiff had not established any conspiracy between Det. Craig and Mr. Buether; (2) that Plaintiff's Federal rights were not violated; (3) that alleged omissions from the search warrant affidavit were irrelevant and immaterial; (4) that probable cause supported the arrest of Plaintiff notwithstanding the alleged omissions; and (5) that because there was no violation of plaintiff's Federal rights, that Plaintiff's causes of action for false arrest and violation of Cal. Civil Code Section 52.1 could not be proven.

### *Legal Standard*

*1. Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure Rule 12(c)*

Rule 12(c) provides, after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. When deciding a Rule 12(c) motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir.1989) (citing *Doleman v. Meiji Mutual Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir.1984) and *Austad v. United States*, 386 F.2d 147, 149 (9th Cir.1967)). The Court

construes all material allegations in the light most favorable to the non-moving party. *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir.2006). Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.  However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment. *Hal Roach Studios*, 896 F.2d at 1550 (citations omitted). Documents attached to, incorporated by reference in, or integral to the complaint, however, may be properly considered under Rule 12(c) without converting the motion into one for summary judgment. *Rose v. Chase Manhattan Bank USA*, 396 F. Supp.2d 1116, 1119 (C.D.Cal.2005) (citing *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997)).

### 2. *Federal Rule of Civil Procedure 54(b)*

Rule 54(b) permits a Court to enter judgment after making a ruling partially disposing of a case, or to await its rulings on remaining causes of action in the case before entering judgment, at its discretion:

> When an action presents more than one claim for relief-whether as a claim, counterclaim, crossclaim, or third-party claim-or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed.R.Civ.P. 54(b). Rule 54(b) applies where the district court has entered a final judgment as to particular claims or parties, yet that judgment is not immediately appealable because other issues in the case remain unresolved. Pursuant to Rule 54(b), the district court may sever this partial judgment for immediate appeal whenever it determines that there is no just reason for delay. Entry of judgment in this manner is within the court's discretion. *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Issuance of a Rule 54(b) order is a fairly routine act that is reversed only in the rarest instances. *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n. 6 (9th Cir.2002) (citations omitted). A court of

appeals may, of course, review such judgments for compliance with the requirements of finality, but accords considerable deference to the district court.

### *Discussion*

Mr. Buether is the only remaining Defendant in this case and the TAC, [Doc. No. 36], states causes of action against Mr. Buether for violations of § 1983, false arrest, and violations of California Civil Code § 52.1. The factual allegations asserted by the Plaintiff against Defendant Buether are identical to those asserted against Defendants' Craig and the County of San Diego that were dismissed by this Court in orders ruling on their motion to dismiss, [Doc. No. 48], and motion for summary judgment, [Doc. No. 74]. In the Order Granting Summary Judgment, the Court found both Defendants entitled to qualified immunity. For reasons unknown, Defendant Buether failed to file his own motion to dismiss or motion for summary judgment or attempt to join those filed by Defendants Craig and the County of San Diego. Because all of the Plaintiff's claim allege acts by Defendants Buether and Craig within the course and scope of their employment, Defendant Buether's failure to file or join the prior dispositive motions has led to the filing of the instant motions.

The first motion presently before the Court was filed by the Plaintiff and seeks entry of Judgment pursuant to Rule 54(b), [Doc. No. 82]. The only remaining Defendant, Mr. Buether, filed a joinder to this motion, [Doc. No. 86], which contained only a limited opposition in which he disagrees with the Plaintiff that the issue of collateral estoppel raised in his motion for judgment on the pleadings necessarily controls the Court's decision on this motion.

For the same reasons set forth in this Court's prior ruling, [Doc. No. 74], the Court finds that summary judgment would have been granted on the Plaintiff's causes of action against Mr. Buether for violations of U.S.C. § 1983, false arrest, and violations of California Civil Code § 52.1 had Defendant Buether moved to join the summary judgment motion or filed his own. Furthermore, because the Plaintiff has agreed to dismiss with prejudice her remaining negligence claim,[1] the Court finds no just reason for delay in entering judgment and therefore GRANTS the Plaintiff's motion for entry of

---

[1] The parties have stated that if the Court were to grant the Plaintiff's motion under Rule 54(b), the parties would agree to be bound by the appeal and would agree to dismiss with prejudice Plaintiff's negligence claim, which would be the only remaining claim against Mr. Buether not impacted by the Order Granting Summary Judgment.

1  Judgment pursuant to Rule 54(b).  As such, the Court need not reach the merits of Defendants motion
2  for judgment on the pleadings pursuant to Rule 12(c) and hereby DENIES the Defendants motion AS
3  MOOT.

### *Conclusion*

5       For the reasons set forth above, the Court hereby GRANTS the Plaintiff's motion for entry of
6  Judgment pursuant to Rule 54(b), [Doc. No. 82], and DENIES AS MOOT the Defendants motion for
7  judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, [Doc. No.
8  83].  Plaintiff stipulation to dismiss the negligence claim against Defendant Buether is GRANTED. The
9  Clerk of Court is directed to enter judgment accordingly and close this case.
10      IT IS SO ORDERED.

12 DATED: May 13, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge